**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND GRAVES, | CASE NO. 1:14CV2697 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| MARGARET BRADSHAW, Warden, | |
| | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the petition of Raymond Graves ("Graves" or "Petitioner"), for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction and sentence in the case of *State of Ohio vs. Graves*, Ashland County Court of Common Pleas Case No. 08-CRI-042. For the following reasons, the magistrate judge recommends the petition be DISMISSED for lack of subject matter jurisdiction because Petitioner was not "in custody" at the time he filed this petition.

## I. Introduction

The state appellate court that affirmed Petitioner's conviction and resentencing noted the following facts:

> {¶ 2} In 1985, appellant was convicted of four counts of rape. Upon his release from prison in 2003, appellant was classified a sexually oriented offender, which required him to register his address for a period of ten years with the sheriff's office in any county in which he resided. On August 16, 2006, and again on August 16, 2007, appellant registered his address with the Ashland County Sheriff's Department.

{¶ 3} In October of 2007, Ashland County Sheriff's Capt. Carl Richert, who is responsible for sex offender registration in the county, learned that appellant's home at 348 Country Rd. 281, Sullivan, Ohio, was in foreclosure and scheduled to be sold at a sheriff's sale.  Capt. Richert sent appellant a certified letter in January, 2008, advising him he needed to re-register by January 30, 2008.  The letter was returned unclaimed.  Sometime following the return of the letter, the captain went to appellant's residence, but found no one there and the house vacant.  On January 30, 2008, after the sheriff's sale had occurred, Capt. Terry Hamilton proceeded to appellant's home to determine whether he had vacated the residence. Outside the home, Capt. Hamilton spoke with appellant who informed the officer that he had already moved out of the residence.  After Capt. Hamilton advised Capt. Richert of appellant's status, Capt. Richert made several visits to appellant's home.  On each occasion, Capt. Richert found no signs indicating anyone was living in the residence.

{¶ 4} In early 2008, Michelle Lamb and her husband purchased appellant's home at a sheriff's sale.  When the Lambs visited the home in February, 2008, they found no signs of anyone living in the house.  The couple took possession of the home on March 25, 2008, and spent the next couple of weeks working on the interior of the home.  Michelle Lamb never observed any signs someone was living in the home.

{¶ 5} Appellant never registered a change of address with the Ashland County Sheriff's Office.

*State v. Graves*, 2014 WL 1851922, at * 1-2 (Ohio App. 5th Dist. May 5, 2014).[1]

## II.  State-Court Proceedings

**A.     Trial-Court Proceedings**

On April 28, 2008, an Ashland County Grand Jury indicted Petitioner on one count

---

[1] In 2013, Petitioner was charged with Failure to Register Notice of Change in Address in violation of Ohio Rev. Code § 2950.05(E)(1) based on his failure to notify the Sheriff of his change of address in 2011 and 2012.  *See State v. Graves*, Ashland County Court of Common Pleas Case No. 13-CRI-019.  Petitioner has filed a separate habeas petition in this Court attacking his conviction and sentence in that case.  See *Graves v. Bradshaw*, Case No. 1:15cv218 (N.D. Ohio) (Helmick, J.)  A Report & Recommendation in Case No. 1:15cv218 is being issued contemporaneously with the instant Report & Recommendation.  Petitioner's two habeas actions are not duplicative because they challenge separate state court convictions and sentences.

2

of Failure to Register Notice of Change of Address in violation of Ohio Rev. Code § 2950.05(E)(1), a felony of the first degree. (Doc. No. 8-3.) Petitioner pled not guilty. (Doc. No. 8-2.)

On June 18, 2008, at the State's request, the trial court amended the indictment to charge a violation of Failure to Register Notice of Change of Address in violation of Ohio Rev. Code § 2950.05(F)(1). (Doc. No. 8-4.) This offense was also a felony of the first degree. (*Id.*)

A jury trial commenced on June 17, 2008. (Doc. No. 8-2.) On June 18, 2008, the jury found Petitioner guilty as charged. (*Id.*) On July 13, 2008, Petitioner, through counsel, filed a Motion to Determine Conviction of First Degree Felony Unconstitutional. (*Id.*) The State responded on August 7, 2008. (*Id.*)

The trial court conducted a sentencing hearing on September 8, 2008. (Doc. No. 8-5.) At that time, the court overruled Petitioner's Motion to Determine Conviction of First Degree Felony Unconstitutional and denied Petitioner's oral motion for new trial. (*Id.*) The court sentenced Petitioner to a three-year term of incarceration plus five years of post-release control. (*Id.*)

**B.  Direct Appeal**

Petitioner, through new counsel Douglas Milhoan, filed a notice of appeal in October 2008. (Doc. No. 8-6.) In his appellate brief, Petitioner asserted the following assignments of error:

> I.  THE CONVICTION OF APPELLANT FOR FAILURE TO REGISTER NOTICE OF CHANGE OF ADDRESS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> II.  THE IMPOSITION OF A PRISON SENTENCE IN THIS

3

> CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES.

(Doc. No. 8-8 at 2.) The State responded on February 17, 2009. (Doc. No. 8-9.)

The state appellate court affirmed Petitioner's conviction and sentence on June 22, 2009. *State v. Graves*, 2009 WL 1763869 (Ohio App. 5th Dist. June 22, 2009).

Petitioner did not file a timely appeal to the Ohio Supreme Court. Rather, on March 8, 2010, Petitioner filed a notice of appeal and motion for delayed appeal, in which he argued his appellate counsel had failed to notify him of the appellate court judgment. (Doc. Nos. 8-11, 8-12.) The Ohio Supreme Court denied Petitioner's motion for delayed appeal on May 5, 2010. (Doc. No. 8-13.) Petitioner did not further appeal that judgment.

**C.  State Habeas Petition**

It appears Petitioner filed a state petition for writ of habeas corpus on July 21, 2010.[2] *See State of Ohio ex rel. Raymond Graves v. Frank Shewelter*, Lorain County Court of Common Pleas Case No. 10CA009858. Respondent filed a motion to dismiss in August 2010, to which Petitioner replied the following month. (*Id.*)

On September 6, 2011, the state court dismissed the petition as moot on the ground that Petitioner had been released from prison. (*Id.*) Petitioner was released from

---

[2] Respondent does not mention Petitioner's state habeas petition in the Return, and neither the docket, petition, or order of dismissal relating to the state habeas petition is contained in the record filed in this Court. Petitioner indicates in the Traverse that he filed a state habeas petition in the Lorain County Court of Common Pleas in 2010 after learning of the Ohio Supreme Court's ruling in *State v. Bodyke*, 126 Ohio St.3d 266 (2010). It appears from a search of the online docket for the Lorain County Court of Common Pleas that Petitioner did, indeed, file a state habeas petition in July 2010. *See* http://cp.onlinedockets.com/loraincp/case_dockets/search.aspx. The information set forth in this Report & Recommendation relating to Petitioner's state habeas petition is taken from the publicly available state court docket.

4

prison in April 2011 and placed on post-release control for five years.  *See Graves*, 2014 WL 1851922, at *2.  It does not appear that Petitioner appealed this judgment.

**D.    Post-Judgment Motions to Vacate and for New Trial**

On April 24, 2012, Petitioner, *pro se*, filed a "Motion to Vacate 2008 Conviction & Sentence and dismiss current charge," in which he argued his conviction and sentence were null and void in light of the Ohio Supreme Court's ruling in *State v. Bodyke*, 126 Ohio St.3d 266 (2010) that certain provisions of the Adam Walsh Act, Ohio Rev. Code Chapter 2950 *et seq.*, were unconstitutional.  (Doc. No. 8-14.)  The State responded on May 1, 2012.  (Doc. No. 8-15.)

On May 11, 2012, the state trial court denied Petitioner's motion. (Doc. No. 8-16.) Petitioner did not timely appeal that judgment.  Instead, more than eight months later, on January 30, 2013, Petitioner filed a motion for reconsideration in the trial court.  (Doc. No. 8-17.)  The court denied Petitioner's motion on June 18, 2013.  (Doc. No. 8-19.)

Meanwhile, on January 10, 2013, Petitioner, *pro se*, filed a Motion for New Trial, in which he argued that (1) he should have been charged with a third degree felony rather than a first degree felony; and (2) his conviction and sentence were unconstitutional because they violated the *Ex Post Facto* Clause.  (Doc. No. 8-20.) The State responded on January 28, 2013.  (Doc. No. 8-22.)  On March 18, 2013, the state trial court denied Petitioner's motion for new trial. (Doc. No. 8-23.)

**E.    Motion to Correct Sentence and 2013 Resentencing**

On June 27, 2013, Petitioner, through counsel Kirk McVay, filed a "Motion to Correct an Illegal Sentence" in the state trial court.  (Doc. No. 8-24.)  In this motion, Petitioner again argued that, under the Ohio Supreme Court's decision in *State v.*

5

*Howard*, 134 Ohio St.3d 467 (2012), he should have been convicted of a felony of the third degree rather than felony of the first degree. (*Id.*) Therefore, Petitioner maintained, "the appropriate sentence in this case would be a period of incarceration ranging from a minimum of nine months and a maximum of thirty-six months, with a period of Post-Release Control supervision not to exceed three years." (*Id.* at 3.)

The State filed a response on August 2, 2013, in which it acknowledged the *Howard* decision and requested the trial court "conduct another sentencing hearing in this case in accordance with the Ohio Supreme Court's decision in *State v. Howard*." (Doc. No. 8-25.) The State argued, however, that Petitioner was subject to up to five years incarceration upon re-sentencing. (*Id.*) Petitioner filed a reply. (Doc. No. 8-26.)

The trial court conducted a sentencing hearing on September 16, 2013. (Doc. No. 8-27.) The court found Petitioner guilty of the third degree felony offense of Failure to Register Notice of Change of Address; sentenced him to a term of thirty-six months incarceration; and ordered that he "shall receive credit for thirty-six (36) months for time already served on this charge." (*Id.* at 2-3.) The court also imposed three years of post-release control. (*Id.* at 3.) Petitioner, however, was favorably released from post-release control four days later, on September 20, 2013. (Doc. 15-1, Exs. 1-3.)

**F.   Direct Appeal from 2013 Resentencing**

Petitioner, through counsel Erin Poplar, filed a notice of appeal on October 17, 2013. (Doc. No. 8-28.) In his appellate brief, Petitioner raised the following three assignments of error:

> I.   THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE.

6

> II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE IN PRISON IMPOSING AN UNNECESSARY BURDEN ON STATE AND LOCAL RESOURCES.
>
> III. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

(Doc. No. 8-30.) The State replied on January 17, 2014. (Doc. No. 8-31.)

On May 5, 2014, the state appellate court affirmed Petitioner's conviction and re-sentencing. *State v. Graves*, 2014 WL 1851922 (Ohio App. 5th Dist. May 5, 2014).

Petitioner filed a notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court on June 18, 2014. (Doc. No. 8-35, 8-37.) The State filed a response on July 14, 2014. (Doc. No. 8-38.) On September 24, 2014, the Ohio Supreme Court declined jurisdiction. (Doc. No. 8-39.) There was no further appeal from that judgment.

**G.     Post-Conviction Petition**

Meanwhile, on March 4, 2014 (while his direct appeal from the 2013 re-sentencing was pending), Petitioner filed a Petition for Post-Conviction Relief in the trial court. (Doc. No. 8-40.) Among other things, Petitioner asserted ineffective assistance of trial and appellate counsel, arguing that attorney McVay "did not have permission or authority to file a motion to correct an illegal sentence" when the judgment was void or voidable. (*Id.* at 2.) The State filed a response on March 10, 2014. (Doc. No. 8-41.)

On March 20, 2014, the state trial court denied Petitioner's post-conviction petition, noting in relevant part that "[t]he prior sentence of the Defendant was corrected,

and Attorney McVay's filing of the motion to correct the sentence was ratified by the Defendant in open court." (Doc. No. 8-42.) Petitioner did not appeal this judgment.

### III. Proceedings in this Court

On November 19, 2014,[3] Petitioner, *pro se*, filed his § 2254 petition. (Doc. No. 4.) He asserts the following three grounds for relief:

> I. THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE.
>
> II. TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MAXIMUM SENTENCE IN PRISON IMPOSING AN UNNECESSARY BURDEN ON STATE AND LOCAL RESOURCES.
>
> III. PETITIONER/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICAL [SIC] 10 OF THE OHIO CONSTITUTION.

(Doc. No. 1.)

Respondent filed a Return of Writ on June 29, 2015 (Doc. No. 8), to which Petitioner responded on July 23, 2015 (Doc. No. 9.)

On March 23, 2016, the Court ordered the parties to submit supplemental briefing limited to the sole issue of whether, for purposes of § 2254(a), Petitioner was "in

---

[3] On November 19, 2014, Petitioner filed a miscellaneous matter in the United States District Court for the Southern District of Ohio, which included a Motion for Leave to file Habeas Corpus Petition. The Southern District transferred the matter to this Court on November 24, 2014. On December 10, 2014, this Court granted Petitioner's motion for leave and mailed him the necessary forms for filing a habeas corpus petition. (Doc. No. 1.) Petitioner filed his habeas corpus petition on January 21, 2015; however, the Court issued an Order stating that this case "shall be deemed to have been filed on November 19, 2014, the date the Petitioner initially filed this matter in the Southern District of Ohio." (Doc. No. 7.)

8

custody" under the conviction and sentence under attack in this case, at the time he filed his Petition in this case. (Doc. No. 12.) The Court also ordered the parties to submit with their briefs any documents that supported their respective positions. (*Id.*)

Respondent submitted supplemental briefing on March 23, 2016, in response to which the Court ordered further clarification. (Doc. Nos. 13, 14.) Respondent thereafter submitted additional clarification and documentation on March 25, 2016. (Doc. No. 15.) Graves submitted a supplemental brief on April 4, 2016. (Doc. No. 16.)

### IV. Analysis

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Ashland County, Ohio sentenced Petitioner. (Doc. Nos. 8-5, 8-27.) Ashland County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a).

However, a federal habeas petitioner also must be "in custody" under the conviction or sentence under attack at the time he filed his habeas corpus petition. 28 U.S.C. § 2241(c)(3) and 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968)). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Fergueron v. Straub*, 54 Fed. Appx. 188, 190 (6th Cir. 2002) (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001)). *See also Ikharo v. Dewine*, 2013 WL 2620264 at * 2 (S.D. Ohio June 11, 2013) (Deavers, M.J.); *Thompson v. Gansheimer*, 2009 WL 88058 at * 5

9

(N.D. Ohio Jan. 12, 2009) (McHargh, M.J.). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. *Ikharo*, 2013 WL 2620264 at * 2. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Id*. *See also Maleng*, 490 U.S. at 492–93. Moreover, "[t]he collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron*, 2002 WL 31828191, at *1 (citing *Maleng*, 490 U.S. at 492).

There is a limited exception to this rule. A petitioner can challenge a prior conviction if it was used to enhance a current sentence and: (1) the petitioner's prior conviction was obtained in violation of his Sixth Amendment right to have counsel appointed to represent him; (2) the petitioner was without fault in failing to obtain timely review of a constitutional claim, such as where the state court refuses to rule on a properly presented constitutional claim; or (3) the petitioner obtains compelling evidence that he is actually innocent of the crime after the period of time for direct or collateral review has expired. *See Brown v. Ohio*, 2015 WL 5165480, at *4 (N.D. Ohio Aug. 28, 2015) (Adams, J.) (citing *Coss*, 532 U.S. at 404–06; *Steverson v. Summers*, 258 F.3d 520, 524–25 (6th Cir. 2001)).

Here, Respondent asserts Petitioner was released from prison on April 9, 2011, subject to five years of post-release control. (Doc. No. 15 at 1.) She notes that, during Petitioner's September 2013 re-sentencing, his term of post-release control was reduced to three years. (*Id.*) *See also* Doc. No. 8-27 at Page ID#240. At that time, Petitioner already had served 2.5 years of post-release control after his release from prison. (Doc.

10

No. 15 at 1.) Respondent then states as follows:

> Upon review of the [Departmental Offender Tracking System] portal tracking inmate status and receipt of a copy of Graves' certificate of final release from supervision, **Graves was favorably released from post release control on September 20, 2013.** (Exhibit 2, DOTS Portal Inmate Status Update; Exhibit 3, Final Release from Supervision)(emphasis added). Both the timeline provided in the DOTS portal, and the final release certificate provide Graves' offender number, A553-369, which corresponds with his incarceration pursuant to Ashland County Court of Common Pleas Case No. 08-CRI-042, the conviction and sentence he has challenged in the instant habeas petition. **Both documents also confirm Graves' release from post-release control on September 20, 2013**.

(*Id.* at 2) (emphasis added). Based on the above, Respondent argues Petitioner's sentence fully expired on September 20, 2013 and, therefore, he was not "in custody" for purposes of § 2254(a) when he filed the instant habeas petition in November 2014. Moreover, relying on *Leslie v. Randle*, 296 F.3d 518, 523 (6th Cir. 2002), Respondent maintains that the Ohio sexual predator statute provisions that require classification, registration, and community notification do not sufficiently restrain Petitioner's freedom of movement to render him "in custody" for purposes of these federal habeas corpus proceedings.

In response, Petitioner argues he was "still under the sentence of resentencing on September 16, 2013" because he filed an appeal from that resentencing, as well as a state habeas corpus action challenging his resentencing. (Doc. No. 16 at 2.)

The Court finds Petitioner was not "in custody" for purposes of §2254(a) when he filed the instant habeas petition challenging his conviction and sentence in Ashland County Court of Common Pleas Case No. 08-CRI-042. Respondent has produced documentation demonstrating Petitioner was released from prison in April 2011 and his

11

post-release control expired on September 20, 2013. (Doc. No. 15.) He did not file his petition until over a year later, in November 2014. Accordingly, he was not "in custody" under the conviction or sentence under attack at the time he filed his habeas corpus petition.

Moreover, Petitioner has not demonstrated that an exception to the "in custody" requirement applies here. Petitioner does not argue, and has not submitted any evidence demonstrating, that his conviction in Case No. 08-CRI-042 was used to enhance a current sentence. Nor has this Court found anything in the record indicating that his conviction in Case No. 08-CRI-042 was used to enhance any sentence he may currently be serving.[4] Moreover, Petitioner was represented by counsel in Case No. 08-CRI-042, and has not alleged that he was either without fault in failing to obtain timely review of his constitutional claims or that he obtained compelling evidence that he is actually innocent of the crime after the period of time for direct or collateral review expired. *See Brown v. Ohio*, 2015 WL 5165480, at *4 (N.D. Ohio Aug. 28, 2015) (Adams, J.).

---

[4] As noted *supra*, Petitioner was convicted and sentenced in September 2013 in Ashland County Case No. 13-CRI-019, which is being challenged in a separate habeas action in this Court. *See Graves v. Bradshaw*, Case No. 1:15CV218 (N.D. Ohio) (Helmick, J.). In Case No. 1:15CV218, Respondent has submitted documentation that Petitioner's sentence in Ashland County Court of Common Pleas Case No. 13-CRI-019 fully expired on September 28, 2015. (*Id.* at Doc. No. 12 at 2.) Accordingly, Petitioner is not currently serving a sentence in that action. Moreover, Petitioner does not ask the Court to construe the instant petition as challenging his conviction and sentence in Ashland County Case No. 13-CRI-019 on the basis that his previous conviction in Ashland County Case No. 08-CRI-042 improperly enhanced his sentence in Case No. 13-CRI-019. Nor would it make any sense to do so as Petitioner has filed a separate habeas action in this Court directly challenging his conviction and sentence in Case No. 13-CRI-019. *See Graves v. Bradshaw*, Case No. 1:15CV216 (N.D. Ohio) (Helmick, J.).

Accordingly, and for all the reasons set forth above, it is recommended that the petition should be dismissed for lack of subject matter jurisdiction.[5]

### V. Conclusion

For all the reasons set forth above, the petition should be DISMISSED for lack of subject matter jurisdiction.

Date: June 30, 2016                  /s/ *Nancy A. Vecchiarelli*
                                                United States Magistrate Judge

### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also* *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**

---

[5] Because the Court recommends the petition be dismissed for lack of jurisdiction, it does not reach Respondent's alternative defenses that (1) the petition is time barred under § 2244(d)(1)(A); (2) Grounds One and Two are non-cognizable; and (3) Ground Three is procedurally defaulted and fails on the merits. (Doc. No. 8.)