UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND GRAVES, | ) | CASE NO. 1:14-cv-2697 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | **ORDER AND DECISION** |
| MARGARET BRADSHAW, WARDEN, | ) | |
| Respondent. | ) | |

This matter appears before the Court on Petitioner Raymond Graves' objections to the Magistrate Judge's Report and Recommendation ("R & R") recommending dismissal of Graves' habeas corpus action. Doc. 17. For the following reasons, Graves' objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report and Recommendation and DISMISSES the underlying habeas petition. Doc. 12.

The R & R adequately states the factual and procedural background of this case. Graves has demonstrated no error in that background, so the Court will not reiterate those sections herein.

I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

The R & R finds that Graves was not "in custody" at the time he filed the underlying habeas petition; and thus, the Court lacks jurisdiction over the petition. Graves objects, arguing 1) that he was re-sentenced in 2008, which extended his registration requirement as a sexually oriented offender, and 2) that he was incarcerated when he filed a state petition for writ of habeas corpus in July of 2010. Doc. 18. Both of these objections are without merit.

The Magistrate Judge accurately set forth the law as to jurisdiction:

> A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Ashland County, Ohio sentenced Petitioner. (Doc. Nos. 8-5, 8-27.) Ashland County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a).
>
> However, a federal habeas petitioner also must be "in custody" under the conviction or sentence under attack at the time he filed his habeas corpus petition. 28 U.S.C. § 2241(c)(3) and 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968)). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 Fed. Appx. 188, 190 (6th Cir. 2002) (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001)). *See also Ikharo v. Dewine*, 2013 WL 2620264 at * 2 (S.D. Ohio June 11, 2013) (Deavers, M.J.); *Thompson v. Gansheimer*, 2009 WL 88058 at * 5 (N.D. Ohio Jan. 12, 2009) (McHargh, M.J.). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. *Ikharo*, 2013 WL 2620264 at * 2. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Id. See also Maleng*, 490 U.S. at 492–93. Moreover, "[t]he collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron*, 2002 WL 31828191, at *1 (citing *Maleng*, 490 U.S. at 492).
>
> There is a limited exception to this rule. A petitioner can challenge a prior conviction if it was used to enhance a current sentence and: (1) the petitioner's prior conviction was obtained in violation of his Sixth Amendment right to have counsel appointed to represent him; (2) the petitioner was without fault

2

> in failing to obtain timely review of a constitutional claim, such as where the state court refuses to rule on a properly presented constitutional claim; or (3) the petitioner obtains compelling evidence that he is actually innocent of the crime after the period of time for direct or collateral review has expired. *See Brown v. Ohio*, 2015 WL 5165480, at *4 (N.D. Ohio Aug. 28, 2015) (Adams, J.) (citing *Coss*, 532 U.S. at 404–06; *Steverson v. Summers*, 258 F.3d 520, 524–25 (6th Cir. 2001)).

Doc. 17.

Graves first argues that his resentencing in 2008 extended his registration requirement for an additional three years. Therefore, he was restrained sufficiently to constitute "custody" for the purposes of jurisdiction. This argument is without merit. The Sixth Circuit Court of Appeals has previously considered this issue and held that Ohio's registration requirement does not sufficiently restrain freedom as to be considered "in custody." *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002). Instead, the registration requirement was a collateral consequence and was not sufficient to allow Graves to be considered "in custody." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it."). As such, Graves' first objection is overruled.

Graves next argues that he started the state habeas process while still in custody in 2010; and therefore, he was "in custody" for purposes of this Court's jurisdiction. This argument fails. Graves' state habeas petition was dismissed as moot on September 6, 2011, after he was released from prison. He did not appeal the dismissal.

It is undisputed that he was favorably released from post-release control on September 20, 2013. Thus, Graves' sentence fully expired on September 20, 2013. He did not file his petition for federal habeas relief until November of 2014. Thus, Graves was not "in custody" under the

conviction or sentence under attack at the time he filed his habeas petition. He fails to demonstrate that no exception applies here, since there is no evidence that his conviction was used to enhance a current sentence. Given this, Graves' second objection is overruled.

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Graves' objections, and therefore, those objections are OVERRULED. The Court ADOPTS Magistrate Judge's R&R. Doc. 17. Graves' Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: May 1, 2017　　　　　　　　　　　　*/s/ John R. Adams*
　　　　　　　　　　　　　　　　　　　　Judge John R. Adams
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT